SHAW, Judge,
dissenting.
I agree that KW.J.’s challenge to the sufficiency of the evidence was not properly preserved for review; however, I cannot agree to remand this case for the trial court to issue a new revocation order.
As the majority correctly recognizes, the purpose behind the due-process requirements set forth in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), is to protect a probationer from an improper revocation, to aid an appellate court in reviewing a revocation, and to prevent future revocations based on the same conduct. The requirement of a written statement setting forth the reason for the revocation and the evidence relied on “helps to insure accurate factfinding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence.” Black v. Romano, 471 U.S. 606, 613-14, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985).
However, due process can be afforded without the rigid specificity requirement this Court has adopted in this case. The trial court’s order states:
“Court heard testimony from Det. La-chance regarding [KW.J.’s] involvement with the robbery. Victim [identified K.W.J. and codefendant and] will testify against [K.W.J.]. Court revoked [K.W.J.’s] 2 yr. sentence.”
(C. 6.) Although the court did not specifically state that “the reason for revoking probation is that K.W.J. committed the new offense of robbery” in those exact words, it is clear to me from reading this order — without resort to the transcript of the revocation proceedings — that the trial court revoked KW.J.’s probation because K.W.J. had committed the new offense of robbery. Magic words are not required to satisfy due process; “due process is not so rigid as to require that the significant interests in informality, flexibility, and economy must always be sacrificed.” Gagnon v. Scarpelli, 411 U.S. 778, 788, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
The order in this case satisfies due-process requirements. It conveys the reason for the revocation and the evidence relied on, and it is sufficient to allow this Court to review the propriety of the revocation and to protect K.W. J. against future revocations based on the same conduct. Therefore, I respectfully dissent.